UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kirk Douglas Williams**, | 2:08-cv-02242-SRT (PC) |
| Plaintiff, | **ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION** |
| v. | |
| **Matthew Tate, et al.**, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, has filed an amended civil rights complaint seeking a temporary restraining order and permanent injunction against several staff members of the High Desert State Prison ("HDSP"). He has been granted leave to proceed *in forma pauperis*.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2).

-1-

Accordingly, this Court will screen the complaint to determine whether Defendants are required to respond.

**DISCUSSION**

Plaintiff alleges that HDSP's library denies him access to the courts in violation of his constitutional rights. He contends the prison has (a) allowed him only one hour per week of computer access, (b) removed all law books, and (c) failed to maintain up-to-date Shepard's volumes.

In *Bounds v. Smith*, the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). The Court has affirmed that this right of access depends on prisoners being given "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825).

To state a claim of inadequate access to the courts, a prisoner must allege some actual injury. *Id.* at 351. But he "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Rather, he must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. He might make such a demonstration by, for example, alleging:

>that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*. *See also, e.g.*, *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) ("The district court is correct that Jones did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library. Therefore summary judgment on Jones's access to the courts claim was appropriate.").

In this case, Williams has not alleged any actual harm caused by HDSP's supposedly inadequate law library. Accordingly, as currently written, Williams's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(2).

**CONCLUSION**

For the foregoing reasons, Williams's action is dismissed with leave to file an amended complaint within thirty days of the date of this order. Any amended complaint must clearly articulate an actual injury caused by the HDSP law library's alleged deficiencies. Failure to file a second amended complaint by the deadline will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED: January 30, 2009              /s/ Sidney R. Thomas
                                     _____
                                     Sidney R. Thomas, United States Circuit Judge
                                     Sitting by Designation