UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kirk Douglas Williams**, | 2:08-cv-02242-SRT (PC) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| **Matthew Tate, et al.**, | |
| Defendants. | |

On September 24, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled amended civil rights complaint seeking a temporary restraining order and permanent injunction against several staff members of the High Desert State Prison ("HDSP"). On January 30, 2009, this Court dismissed Williams's action with leave to file an amended complaint within 30 days. On February 20, 2009, Williams filed a request for reconsideration of the January 30 order.

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). Under the

-1-

PDF created with pdfFactory trial version www.pdffactory.com

analogous Federal Rule of Civil Procedure 59(e), reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, plaintiff argues only that contrary to the Court's prior order, he need not show actual injury to prosecute his claim that HDSP's allegedly inadequate law library unconstitutionally denies him access to the courts. He cites *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989), where the court declared that "there is no 'actual injury' requirement" to allege an unconstitutionally inadequate law library. But that proposition is no longer good law. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (holding that a prisoner alleging an inadequate law library must demonstrate that his efforts to pursue a nonfrivolous legal claim were hindered); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) ("The district court is correct that Jones did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library. Therefore summary judgment on Jones's access to the courts claim was appropriate.").

Plaintiff's motion for reconsideration of this Court's January 30, 2009 order dismissing with leave to file an amended complaint is hereby DENIED. The Court grants plaintiff until March 23, 2009 to file an amended complaint that comports with this Court's prior order. Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

PDF created with pdfFactory trial version www.pdffactory.com

DATED: March 2, 2009

\_\_/s/ Sidney R. Thomas_____
Sidney R. Thomas, United States Circuit Judge
Sitting by Designation

PDF created with pdfFactory trial version www.pdffactory.com