UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**Kirk Douglas Williams**,                                           2:08-cv-02242-SRT (PC)

       Plaintiff,

v.

**Matthew Cate, et al.**,                                           **ORDER**

       Defendants.

_____

      Plaintiff is a state prisoner proceeding pro se who has filed an action for injunctive relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and the Rehabilitation Act (29 U.S.C. § 794 et seq.). By order filed January 30, 2009, Plaintiff's amended complaint was dismissed with leave to file a second amended complaint. On April 24, 2009, plaintiff timely filed a second amended complaint. Plaintiff has been granted leave to proceed in forma pauperis.

      After reviewing Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, the Court concludes that Plaintiff's allegations concerning deficiencies in the Corcoran State Prison law library state a cognizable claim for relief pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 et

seq., and 29 U.S.C. § 701 et seq.  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his claims against defendants.

The Court will order service of process upon defendants for the aforementioned claims relating to the prison's law library.  With respect to any additional claims made in Plaintiff's second amended complaint, the complaint fails to state a claim upon which relief can be granted. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (prisoners have no protected liberty interest in California's prisoner classifications).  Furthermore, a temporary restraining order, like a preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  Plaintiff has not made such a showing, and his motion for a temporary restraining order is DENIED.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: The State of California, Schwarzenegger, Cate, Clark, Polk, Medved, Hall, and Lima.

2. The Clerk of the Court shall send plaintiff 8 USM-285 forms, one summons, an instruction sheet, a copy of the docket sheet in the instant case, and a copy of the complaint filed April 24, 2009.

3. By Friday, August 21, 2009, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

      b.  One completed summons;

      c.  One completed USM-285 form for each defendant listed in number 1 above;

      d. 5 copies of the complaint filed April 24, 2009.

    4.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshall to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS SO ORDERED.

DATED: July 22, 2009

                              __/s/Sidney R. Thomas_____
                              Sidney R. Thomas, United States Circuit Judge
                              Sitting by Designation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

**Kirk Douglas Williams**,

        Plaintiff,                           2:08-cv-02242-SRT (PC)

  vs.

**Matthew Cate, et al.**,                      **ORDER**

            _____Defendants
_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

            _____      completed summons form
            _____      completed USM-285 forms
            _____      copies of the _____
                              Second Amended Complaint

DATED:

                                                _____
                                                Plaintiff