UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**Kirk Douglas Williams**,                    2:08-cv-02242-SRT (PC)

        Plaintiff,                    **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

v.

**Matthew Cate, et al.**,

        Defendants.

_____

    Plaintiff is a state prisoner proceeding pro se who has filed an action for injunctive relief pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq.); and the Rehabilitation Act ("RA"), 29 U.S.C. § 794 et seq.

    Plaintiff submitted the initial complaint in this case on September 24, 2008, while incarcerated at the High Desert State Prison ("HDSP"). In his first and first amended complaints, plaintiff alleged that inadequacies at the HDSP law library deprived him of access to the courts. On January 30, 2009, this Court dismissed his first amended complaint with leave to amend for failure to articulate an actual injury caused by deficiencies in the HDSP law library.

    Plaintiff was subsequently transferred from HDSP to the California Substance Abuse

Treatment Facility ("SATF"). He then filed a second amended complaint ("SAC"), alleging, in part, that SATF law library procedures deprived him of access to the courts to challenge violations of his constitutional rights and that the denial of access was also discriminatory under the ADA and RA. On July 22, 2009, this Court held that the allegations in plaintiff's SAC concerning SATF law library procedures stated a claim against the defendants. This Court dismissed all other claims in the SAC for failure to state a claim.

On December 15, 2009, defendants filed a motion to dismiss the remaining claims in plaintiff's SAC without prejudice under Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Pursuant to the dictates of the PLRA, prisoners must exhaust administrative remedies prior to filing suit, not during the pendency of the suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but it is the process of doing so when a motion to dismiss is filed."); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (requiring dismissal without prejudice where a prisoner fails to exhaust administrative remedies before submitting a complaint to the district court). Defendants argue – and this Court agrees – that because plaintiff initiated this case before his transfer to the

SATF, he could not have exhausted administrative remedies with respect to allegations in the SAC concerning the SATF law library prior to filing suit.

In reply, plaintiff submits evidence indicating that he pursued administrative remedies at the SATF.  However, the evidence indicates that he did so after initiating this action on September 24, 2008.  Plaintiff requests voluntary dismissal of his action; a stay in the proceedings pending exhaustion of administrative remedies; or leave to amend his complaint.  The proper remedy for failure to exhaust administrative remedies prior to initiating an action governed by the PLRA is dismissal of the claim without prejudice.  *See McKinney*, 311 F.3d at 1199; *Vaden*, 449 F.3d at 1050-51; *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).  Accordingly, defendants' motion for dismissal of the remaining claims in the SAC for failure to exhaust administrative remedies is **GRANTED**.  If plaintiff exhausts administrative remedies at a later date, or if he has already done so, he may file his case as a new action.

All pending motions are **DENIED** as moot.

IT IS SO ORDERED.

DATED: May 12, 2010

    __/s/Sidney R. Thomas_____
    Sidney R. Thomas, United States Circuit Judge
    Sitting by Designation